UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHEN KOCHER,

                Plaintiff,

      v.                                  **DECISION AND ORDER**
                                                    13-CV-968S

COUNTY OF ERIE and ERIE COUNTY
SHERIFF'S DEPARTMENT,

                Defendants.

      1.     Plaintiff commenced this action against the County of Erie and Erie County Sheriff's Department in September 2013 in New York State Supreme Court alleging state law claims of false imprisonment, assault, and battery, as well as a constitutional violation claim brought pursuant to 42 U.S.C. § 1983. Defendants removed the matter to this Court shortly thereafter.   Presently before this Court is Defendants' motion for summary judgment dismissing the Complaint.   Although this summary judgment motion has been served on Plaintiff twice, the second time to include the Supplemental Rule 56 Notice required by our local rules where, as here, a non-movant is proceeding *pro se*,[1] Plaintiff has not filed any opposition to the motion. (Docket Nos. 25, 26, 28, 29.)

      2.     Defendants have established their entitlement to summary judgment as a matter of law.   Initially, the Erie County Sheriff's Department is merely an administrative arm of the County and therefore lacks the capacity to be sued.   Lin v.

---

[1]Plaintiff was represented by counsel through February 2015, at which point his counsel's motion to withdraw was granted and Plaintiff continued *pro se*. (Docket No. 23.)

Cnty. of Monroe, 66 F. Supp. 3d 341, 353 n.4 (W.D.N.Y. 2014); McKenzie v. Cnty. of Erie, No. 12–CV–912S, 2013 WL 5348084, *2 (W.D.N.Y. Sept. 23, 2013).   Further, there is no allegation or evidence of an unconstitutional policy or custom of the County of Erie that would support a § 1983 claim against this municipality. See Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006); see generally Monell v. N.Y.C. Dept. of Social Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).   Finally, the County cannot be held vicariously liable under state law for the actions of the unnamed Sheriff's deputies described in the Complaint.   It is well established in New York State that a county cannot be held liable under the doctrine of respondeat superior for the actions of its sheriff or sheriff's deputies. Cash v. Cnty. of Erie, No. 04–CV–0182C(F), 2007 WL 2027844, *5 (W.D.N.Y. July 11, 2007); see Mosey v. Cnty. of Erie, 117 A.D.3d 1381, 1385, 984 N.Y.S.2d 706 (N.Y.A.D. 4th Dep't 2014). Although a county may establish a local law that expressly assumes such liability, there is no opposition to the County's assertion that no such law has been adopted here. Barr v. Cnty. of Albany, 50 N.Y.2d 247, 256, 428 N.Y.S.2d 665, 406 N.E.2d 481 (1980).

        IT HEREBY IS ORDERED, that Defendants' motion for summary judgment (Docket No. 29) is GRANTED and the Complaint is dismissed with prejudice;

        FURTHER, that the Clerk of the Court shall close this case.

        SO ORDERED.

Dated:   October 27, 2015
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

2